THEODORE H. WILLIAMSON, APPELLANT, V. INGEBERT J. THOMSEN, APPELLEE.

FILED SEPTEMBER 21, 1934. No. 29000.

*C. P. Anderbery* and *William A. Ehlers*, for appellant.

*King & Bracken, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LIVINGSTON, District Judge.

LIVINGSTON, District Judge.

This is an appeal from the district court for Kearney county where judgment was rendered by confession in favor of plaintiff and against the defendant in the sum of $6.26, on a suit based upon an open account, the balance of plaintiff's claim being disallowed. The cause was originally tried in the county court of Kearney county and appealed to the district court for said county and from the judgment of said district court appealed to this court.

It appears that on or about June 1, 1931, the defendant was the owner of a patented inner tube arrangement to be used in horse collars, and that about said date his son and one Frank J. Decker, as agents representing him, called upon the plaintiff, who was a manufacturer of horse collars under the name and style of A. C. Keller Collar Company, located at Council Bluffs, Iowa. Until about the 20th day of July, 1931, the defendant operated at Minden, Nebraska, under the trade-name of Thomsen Pneumatic Horse Collar Company, and shortly thereafter a corporation was formed under the laws of Colorado under the name of Thomsen Pneumatic Collar Company with headquarters at Denver, where all of the defendant's business was transferred. The plaintiff in his petition seeks to recover his entire account from the defendant

personally and sets out in his petition what appears to be a statement of items without, however, stating the value or the agreed price of the items of merchandise which he claims to have shipped to the defendant. The defendant by his answer admits the first nine items covering the period from June 4, 1931, to July 20, 1931, and alleges payment of all of them except an item of $6.26 under date of June 26, 1931, which he says is unpaid and offers to confess judgment therefor. The other eight items he claims, and it is undisputed, full payment therefor has been made. The last five items covering a period from July 27, 1931, to September 2, 1931, were shipped to Denver, and it is the contention of the defendant that they went to the corporation and that the corporation and not himself is liable. There is no reply. The statement of account as contained in plaintiff's petition is as follows:

"1931

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 6 | 4 | Inv. | Shipped to | Minden | | | 3.71 |
| 6 | 16 | ,, | ,, | ,, | ,, | | 47.85 |
| 6 | 22 | ,, | ,, | ,, | ,, | | 33.86 |
| 6 | 26 | ,, | ,, | ,, | ,, | | 6.26 |
| 7 | 1 | ,, | ,, | ,, | ,, | | 48.43 |
| 7 | 3 | ,, | ,, | ,, | ,, | | 51.28 |
| 7 | 8 | ,, | ,, | ,, | ,, | | 67.58 |
| 7 | 15 | ,, | ,, | ,, | ,, | | 30.06 |
| 7 | 20 | ,, | ,, | ,, | ,, | | 26.34 |
| 7 | 27 | ,, | ,, | ,, | Denver | | 22.58 |
| 7 | 31 | ,, | ,, | ,, | ,, | | 128.95 |
| 8 | 6 | ,, | ,, | ,, | ,, | | 88.95 |
| 8 | 20 | ,, | ,, | ,, | ,, | | 154.83 |
| 9 | 2 | ,, | ,, | ,, | ,, | | 3.63 |

|  |  |  |  |
|---|---|---|---|
| | | Total | $714.31 714.31 |
| Credits | | | |
| 6 | 13 | Ck & Dis | 3.71 |
| 2 | 24 | Ck | 47.85 |
| 6 | 30 | Ck | 33.86 |
| 8 | 17 | Ck | 223.69 |
| | | | 309.11 309.11 |

Amount due $405.20"

In support of plaintiff's case there were offered invoices corresponding with the several items contained in the account, but there was no evidence offered showing the value of the several items or that there was an agreed price between the parties with reference thereto. No books or other records of accounts were produced by the plaintiff with reference thereto. Plaintiff attempted to testify orally concerning the contents of his books but objection thereto was sustained. It is conceded by both parties that the last seven items, aggregating $455.34, were ordered from and shipped to the company at Denver.

The sole question is the sufficiency of the petition as to the last five items to state a cause of action and whether or not the defendant was personally liable for the shipments, should the petition be considered sufficient for any reason, of plaintiff's goods to the Denver corporation.

The lower court held against the plaintiff on both propositions and entered judgment only for the amount confessed—$6.26. We think the court below on both propositions decided correctly. The failure on the part of the plaintiff to state in his petition the amount and value of the items, upon rejection to proof thereof, is fatal, and when plaintiff received orders, which he filled, from the Denver corporation, he was bound to know, or at least put upon sufficient inquiry to bind him with respect to the fact, that he was not selling or dealing directly with the defendant as an individual at Minden, Nebraska, but with a corporation in the state of Colorado.

We find no error and the judgment of the lower court is therefore

AFFIRMED.